

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00035-CV

———————————————

LONNETTA BENSON-COOKS, INDIVIDUALLY AND AS REPRESENTATIVE
OF THE ESTATE OF MARY WILSON, DECEASED, Appellant

V.

TRANSITIONAL HOSPITALS CORPORATION OF TEXAS, INC. D/B/A
KINDRED HOSPITAL - TARRANT COUNTY FORT WORTH SOUTHWEST;
AND KINDRED HEALTHCARE OPERATING, INC., Appellees

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-296118-17

Before Kerr, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION AND JUDGMENT**

After they had filed their briefs but before this case was submitted, the parties notified us that they had settled. We have considered the "Parties' Joint Motion to Dismiss the Appeal," in which the parties confirm that they "have reached an agreement to compromise and settle their differences" in this case and ask us "to render judgment effectuating the parties' agreement and render a dismissal of the suit with prejudice to refiling the same."[1] *See* Tex. R. App. P. 42.1(a)(2)(A). The parties also ask us to tax appellate costs against the party that incurred them.

We grant the motion. Effectuating the parties' agreement, we vacate the trial court's judgment and dismiss the case with prejudice. *See* Tex. R. App. P. 42.1(a)(2)(A), 43.2(e); *see also Braums, Inc. v. Sifuentes*, No. 02-16-00001-CV, 2016 WL 742023, at *1 (Tex. App.—Fort Worth Feb. 25, 2016, no pet.) (mem. op.) ("While we cannot both vacate the trial court's judgment and dismiss the appeal, the appellate rules allow us to render judgment vacating the trial court's judgment and dismissing the case, whether that rendition occurs after we consider the merits of the appeal or in effectuating the parties' settlement agreement." (footnotes omitted)). Each party must bear its own appellate costs. *See* Tex. R. App. P. 42.1(d), 43.4.

Per Curiam

Delivered: January 23, 2020

---

[1]Despite the motion's title, the parties do not ask us to dismiss the appeal.